**Neal M. REITZ, Plaintiff,**

v.

**CANON U.S.A., INC., and Daniel X. Wargula, Defendants.**

**No. 87–1620–CIV.**

United States District Court, S.D. Florida, Miami Division.

Feb. 29, 1988.

Peter Kneski, Stern & Kneski, Miami, Fla., for plaintiff.

Cristina L. Mendoza, Murai, Wald, Biondi, Matthews & Moreno, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

NESBITT, District Judge.

Plaintiff Neal M. Reitz ("Reitz") was terminated from his position as a salesman of photographic products by Defendant Canon U.S.A., Inc. ("Canon") on December 26, 1985. Reitz had been a Canon employee for five years. In August 1987, Reitz filed a two-count complaint in state court alleging that Canon and its Regional Sales Manager, Defendant Daniel X. Wargula ("Wargula"), had terminated him because he refused to participate in an illegal resale price maintenance scheme, and that they had published defamatory statements about him. Defendants removed the complaint to federal court on August 31, 1987; the court has jurisdiction pursuant to 28

---

U.S.C. § 1332. The cause is now before the court on Defendants' Motion to Dismiss the Complaint filed on September 15, 1987.

Defendants contend that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Count II alleges that Canon made defamatory statements about the reasons for Reitz's termination to the Georgia Department of Labor. As Canon points out, however, statements made on the Department of Labor Separation Notice are absolutely privileged as a matter of both Georgia and Florida law. *See* Ga.Code Ann. § 34–8–11 (Supp.1987); Fla.Stat. § 443.041(3) (1987). Reitz acknowledges that the statements are privileged unless repeated outside of the Department of Labor, and seeks leave to amend his complaint. Although Defendants argue that Reitz's failure to investigate the facts of his allegations fully before filing the complaint implicates the sanctions of Fed.R.Civ.P. Rule 11, the Court will allow Reitz to amend Count II of the complaint after he inquires further into the facts.

Count I of the complaint alleges that Defendants violated the Florida Antitrust Act of 1980 by terminating Reitz for refusing to participate in an illegal resale price maintenance scheme. Reitz seeks treble damages under the relevant section of the Act, which provides in part:

> Any person who shall be injured in his business or property by reason of any violation of § 542.18 or § 542.19 ... shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

Fla.Stat. § 542.22(1). The language of that section closely tracks that of section 4 of the Clayton Act, 15 U.S.C. § 15(a) (1982). In fact, in the Florida Antitrust Act, the legislature specifically provided that its intent was that

> in construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes.

Fla.Stat. § 542.32. Defendants, relying on federal court cases interpreting section 4 of the Clayton Act, argue that Reitz does not have standing to sue under the Florida Antitrust Act.

The most recent United States Supreme Court opinion addressing the question of antitrust standing is *Associated General Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (*"Associated General"*). In that case, the Court noted the similarity between the concept of antitrust standing and the proximate cause analysis in tort law. *Id.* at 535–36, 103 S.Ct. at 907–08. The Court also noted that the various "tests" devised by federal judges to determine whether a plaintiff has antitrust standing were merely "labels [that] may lead to contradictory and inconsistent results." *Id.* at 536 n. 33, 103 S.Ct. at 907 n. 33. Instead, the Court set forth four factors that lower courts should use in addressing the question of antitrust standing: the nature of the plaintiff's injury; the causal connection or directness between the alleged antitrust violation and the injury; the potential for duplicative recovery or complex apportionment of damages; and the existence of more direct victims of the alleged antitrust violation who could bring the lawsuit. *See id.* at 537–45, 103 S.Ct. at 908–12; *see also Exhibitors' Service, Inc. v. American Multi–Cinema, Inc.*, 788 F.2d 574 (9th Cir.1986).

Only two circuit courts have considered the question of antitrust standing in cases of alleged retaliatory discharge for refusal to violate antitrust laws. Before the Supreme Court's decision in *Associated General*, the United States Court of Appeals for the Seventh Circuit held that a discharged employee did not have standing to sue his former employer for alleged antitrust violations because the employee was not the target of the anti-competitive activity. *Bichan v. Chemetron Corp.*, 681 F.2d 514 (7th Cir.1982), *cert. den.*, 460 U.S. 1016, 103 S.Ct. 1261, 75 L.Ed.2d 487 (1983). The United States Court of Appeals for the Ninth Circuit, however, held that a discharged employee did have standing to sue under section 4 of the Clayton Act. *Ostrofe v. H.S. Crocker Co.*, 670 F.2d 1378

**554**

(9th Cir.1982), vacated and remanded 460 U.S. 1007 (1983). After deciding *Associated General*, the Supreme Court denied certiorari in *Bichan*, but vacated and remanded *Ostrofe* for reconsideration in light of the *Associated General* factors. On remand, the Ninth Circuit again found that a discharged employee may have antitrust standing, but Judge (now Justice) Kennedy filed a strong dissenting opinion. *Ostrofe v. H.S. Crocker*, 740 F.2d 739 (9th Cir. 1984).

Because the Eleventh Circuit has not yet considered this question, and because there is a split of authority between the two circuit courts that have, this Court deems it appropriate to simply apply the general standing guidelines enunciated in *Associated General* to the facts of Reitz's complaint. In considering the facts most favorably to the Plaintiff, the Court concludes that Reitz does not have standing to sue for antitrust violations allegedly committed by Canon, his employer. First, the nature of Reitz's injury, the loss of employment, does not implicate the antitrust policy of protecting participants in a relevant economic market because Reitz does not allege that the alleged antitrust violations involved the market for his labor services. Second, although there might be a causal connection between Canon's alleged antitrust violations and Reitz's discharge, that connection is not sufficiently direct to make the discharge itself an antitrust violation. Third, Reitz's complaint does not present any difficulty in apportioning damages but does create the potential for duplicative damages because both he and the direct victims of the alleged antitrust violation might recover treble damages from Canon. Last, the direct victims of the alleged resale price maintenance scheme are in a better position as direct victims of Canon's activities to bring an action under the federal antitrust laws.

As both the Seventh Circuit in *Bichan*, and Justice Kennedy in his dissent in *Ostrofe* noted, the appropriate avenue by which a discharged employee should seek redress of his grievances is an action for wrongful discharge under state law. *See Bichan*, 681 F.2d at 520; *Ostrofe*, 740 F.2d

at 751 (Kennedy J., dissenting). As Justice Kennedy noted, "Antitrust enforcement becomes divorced from antitrust policy when treble damages bear no relation to the anticompetitive effects of the illegal conduct. Such awards threaten to make every tort into a treble-damage bonanza. The antitrust laws were not intended as a balm for all wrongdoing in the business community." 740 F.2d at 751. For the above-stated reasons, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss be and the same is hereby GRANTED. Reitz's complaint is DISMISSED without prejudice as to both Counts I and II.